**Roy Edward ADDICKS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 14–99–00261–CR, 14–99–00262–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 30, 2000.

---

Jay T. Karahan, Houston, for appellant.

S. Elaine Roch, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and LEE.*

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Roy Addicks, Jr., pleaded guilty in front of the jury to two counts of aggravated sexual assault of a child under the age of 14. After accepting his guilty plea, a jury sentenced appellant to two life sentences in Texas Department of Criminal Justice, Institutional Division. The trial judge ordered the sentences to run consecutively. In three points of error, appellant challenges the actions of the trial court by arguing: (1) it was error for the trial judge to instruct the jury that if they found the State proved the enhancement

* Senior Justice Norman Lee sitting by assignment.

paragraphs beyond a reasonable doubt, they were to sentence the appellant to life imprisonment; (2) it was error for the trial judge to fail to instruct the jury that the range of punishment to be assessed depended upon the date of the offense, and (3) the trial judge's "stacking" of the sentences violated the appellant's constitutional right against double jeopardy.[1] We affirm.

# I.

## Determination of Punishment

Because all of appellant's points of error relate to punishment issues, we will omit a recitation of the facts, but we will address the pertinent facts of the case under each point of error. We believe that to properly analyze appellant's first two points of error, it is helpful to start with the exact wording of those points of error as set forth in appellant's brief, which is as follows:

> The trial court committed reversible error in instructing the jury to assess appellant's punishment at life imprisonment, if they found the single enhancement paragraph alleging a prior felony conviction for indecency with a child true, where the correct range of punishment was 15 years to life, and a $10,000 fine.

> The trial court committed reversible error in failing to instruct the jury that the range of the punishment to be assessed against appellant depended upon the date of the alleged offense, and to in-

struct the jury on the applicable ranges of punishment.

Appellant asserts in his brief that the issue common to both of his first two points of error is the date of the alleged offense and the applicable range of punishment. Thus, we believe the real issue presented by appellant in his first two points of error is that the trial court erred in (a) failing to submit a question to the jury regarding the dates of the two offenses described in the two indictments, and (b) instructing the jury on the different ranges of punishment determined by whether the offenses occurred before or after September 1, 1997.

### A. The Importance of September 1, 1997

Appellant pleaded guilty before the jury[2] to two counts of aggravated sexual assault of a child. *See* TEX. PEN.CODE ANN. § 22.021(a)(1)(B) (Vernon Supp.2000). Under the revised Texas habitual felony offender statute, a person convicted of aggravated sexual assault of a child will receive a mandatory sentence of life imprisonment if that person were previously convicted of certain enumerated felonies, including indecency with a child under Penal Code § 21.11. *See* TEX. PEN.CODE ANN. § 12.42(c)(2)(B) (Vernon Supp.2000).[3] However, the revised habitual felony offender statute only applies to convictions for offenses committed on or after September 1, 1997. *See* Act of June 13, 1997, 75th Leg., R.S., ch. 665, § 4, 1997 Tex. Gen. Laws 2247, 2248 (amending Penal Code § 12.42(c) to provide for mandatory life sentence where, *inter alia*, defendant

---

1. Cause number 14–99–00261 contains the three arguments addressed here. This case is consolidated with cause number 14–99–00262, in which appellant brings only the first two points of error.

2. A plea of guilty before a jury essentially becomes a trial on punishment since entry of a plea of guilty before a jury establishes a defendant's guilt. *See Williams v. State,* 674 S.W.2d 315, 318 (Tex.Crim.App.1984).

3. Section 12.42 of the Texas Penal Code states, in pertinent part:

(c)(2) A defendant shall be punished by imprisonment in the institutional division for life if:

(A) the defendant is convicted of an offense:

(i) under Section 22.021 or 22.011, Penal Code; ... and

(B) the defendant has been previously convicted of an offense: ...

(ii) under Section 21.11, 22.011, 22.021, or 25.02, Penal Code.

TEX PEN.CODE ANN § 12.42(c)(2) (Vernon Supp.2000).

is convicted of aggravated sexual assault committed on or after September 1, 1997, and has a previous conviction under Penal Code § 21.11). Therefore, the date the appellant committed the charged offenses is the central issue in appellant's first and second points of error.[4]

## B. Date of the Offenses

■ Typically, the date alleged in the indictment is an approximation that allows the State to prosecute a defendant for acts occurring within the limitations period. *See Sledge v. State,* 953 S.W.2d 253, 256 (Tex.Crim.App.1997). It is well settled that "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitations period. *Id.* Here, the indictments state that the offenses occurred "on or about January 16, 1998." In this case, the date is significant because if the appellant committed the offenses charged *before* September 1, 1997, and the State proved up a prior felony conviction, the applicable range of punishment would be from fifteen years to life imprisonment. *See* TEX. PEN.CODE ANN. § 12.42(c) (Vernon 1997). However, the same offenses committed on or *after* September 1, 1997, would subject appellant to the revised section 12.42 mandatory life sentence, contingent upon the State's proof of a prior felony conviction.

## C. Conduct of the Trial Court

When the trial court prepared the jury charge, the following paragraph was included in the charge for each offense:

If you find the allegations in the enhancement paragraph of the indictment are true, you will assess the punishment of the defendant at confinement in the

institutional division of the Texas Department of Criminal Justice for life.

Appellant objected to the jury charge provision specifying punishment at life imprisonment on the basis that the defendant's assaults on the child had occurred during the periods both before and after September 1, 1997, and the State improperly chose to prosecute on offenses occurring after the Legislature revised the habitual felony offender statute to mandate a life sentence for such conduct. The exact nature of appellant's objection to the charge is as follows:

DEFENSE COUNSEL: From the complainant's own testimony he said that he moved in with the defendant July of '97. The acts started almost immediately. I think allowing the State to choose which specific act of conduct to proceed-

COURT: Well, that's the one they indicted him on.

DEFENSE COUNSEL: Well, I understand Judge, but I also think that's inherently prejudicial to the defendant and unfair to the extent that it almost creates an ex post facto situation. They about [sic] the acts that started in July of '97, and ended in January of '98. They could have and I believe should have indicted him for the first of the acts in July of '97, as opposed to the last of them, in January of '9[8], especially since they had the evidence, by interviewing the complainant that the acts had occurred prior to [September] 1 st, '97. And I think basically it allows them to choose the more severe punishment scheme which, you know, if they proceeded on the prior acts, it wouldn't apply.

COURT: To make sure I understand your argument, is it your argument that

---

**4.** At trial, the State proved up appellant's prior conviction for indecency with a child. *See* TEX. PEN.CODE ANN. § 21.11 (Vernon Supp. 2000). Because this prior conviction was one of the enumerated offenses under section 12.42(c), appellant was subject to life imprisonment upon conviction of the charged offenses. On appeal, appellant does not challenge the sufficiency of the evidence regarding the prior conviction. Thus, our analysis is limited to the current convictions for aggravated assault of a child.

you believe that there is a fact issue that the jury could believe that the offense only occurred prior to September of '97, if they choose to believe that. Is that your argument?

DEFENSE COUNSEL: I'm sort of . . . hesitant to act on that.

## II.

### Standard of Review

■■■■ The date of the offenses alleged in the indictments is January 16, 1998. At trial, the appellant, surprising both the State and his own attorney, pleaded guilty to both indictments before the jury. It is well established that in felony cases, a plea of guilty before the jury admits the existence of all elements necessary to establish guilt and, in such cases, the introduction of evidence by the State is only to enable the jury to intelligently exercise the discretion which the law vests in them to determine punishment. *See Holland v. State,* 761 S.W.2d 307, 312 (Tex.Crim.App.1988); *see also Williams v. State,* 674 S.W.2d 315, 318 & n. 3 (Tex.Crim.App.1984) (noting that no evidence need be entered when appellant pleads guilty before a jury; evidence is necessary for a guilty plea before the court only). In such cases, the plea of guilty is conclusive as to the defendant's guilt and there is no question of the sufficiency of the evidence on appeal. *See Ex parte Martin,* 747 S.W.2d 789, 792 (Tex.Crim. App.1988) (op. on reh'g); *see also Stahle v. State,* 970 S.W.2d 682, 688 (Tex.App.— Dallas 1998, pet. ref'd). Therefore, because the appellant pleaded guilty before the jury to committing both offenses on or about January 16, 1998, the State only needed to introduce evidence to enable the jury to assess punishment. *See Holland,* 761 S.W.2d at 312. Where an indictment alleges that some relevant event transpired "on or about" a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations. *See Thomas v. State,* 753 S.W.2d 688, 693 (Tex.Crim.App.1988). It is well established that in a felony case where a defendant has entered a guilty plea before the jury, because there remains no issue of guilt to be determined, it is proper for the trial judge in his charge to instruct the jury to return a verdict of guilty, charge the jury on the law as to the punishment issues, and then instruct it to decide only those issues. *See Holland,* 761 S.W.2d at 313.

■■■■ A trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence. *See Bridgewater v. State,* 905 S.W.2d 349, 354 (Tex.App.—Fort Worth 1995, no pet.) If evidence presented at trial raises an issue, and a jury charge is requested on that issue, then a charge on that issue must be given. *See id.* The proper threshold inquiry, therefore, is to determine if the evidence adduced at trial raised the issue of whether appellant committed the offenses before September 1, 1997. *See Taylor v. State,* 856 S.W.2d 459, 471 (Tex.App.—Houston [1st Dist.] 1993), *aff'd* 885 S.W.2d 154 (Tex.Crim.App.1994).

## III.

### The Trial Court's Exclusion of a Charge as to the Dates of the Offenses

■■■■ According to the record, the State introduced sufficient evidence to demonstrate that appellant committed the offenses on or after September 1, 1997. First, appellant signed a confession[5] in which he admits to beginning a sexual relationship with the complainant around September 1997. In this same confession, appellant also admits to engaging in anal intercourse with the complainant at Thanksgiving, in November 1998. Finally,

---

**5.** The title of this document is "Statement of Person in Custody," and it was admitted into evidence.

in his confession, appellant also admits to committing the charged offenses up to two and one-half weeks prior to his arrest on February 6, 1998, indicating a date for those offenses as the middle of January, 1998. These statements in the confession establish repeated commissions of the offenses charged in the indictment beginning September 1997 and continuing through January 1998. Therefore, appellant himself established that the charged offenses occurred well after the effective date of the change to Penal Code section 12.42 imposing a mandatory life sentence for habitual sexual offenders.

Second, the complainant testified to ongoing acts of oral and anal penetration beginning in the summer of 1997 and continuing for eight months. Specifically, the complainant testified as follows:

Q. How many times did you spend the night over at [defendant's] house during the time that you knew him, being from the summer of 1997, until he was arrested?

A. Every weekend.

Q. Every weekend?

A. Yes.

Q. And where did you sleep when you'd spend the night over at [defendant's] house every weekend?

A. In his room

Q. And did you have a separate bed or did you share the bed with [defendant]?

A. Share.

Q. You'd share the bed?

A. Yes

\* \* \* \* \* \* \* \* \* \* \* \*

Q. And what kind of things would he do to you?

A. He would do the same thing to me, penetrate me, using each other's mouths on the penis.

Q. How often would he do this?

A. Like two days on the weekend.

Q. Two days on the weekend?

A. Uh-hum.

Q. Every weekend?

A. Yes.

\* \* \* \* \* \* \* \* \* \*

Q. How many times did [defendant] do these sexual acts to you, the putting the mouth on the penis or him on you or you on him or penetrating you?

\* \* \* \* \* \* \* \* \* \*

A. In one day?

Q. Yeah.

A. About two or three.

Q. Two or three times in one day?

A. Yes.

Q. And would he do it every time you would go to visit him?

A. Yes.

Finally, the complainant's mother testified to the continuous contact the appellant had with her son. She also corroborated the appellant's confession and the date alleged in the indictment by testifying that the last weekend the two were alone together was January 16, 1998.

Therefore, whether we look to the appellant's written confession or to the other abundant evidence in the record, the evidence permitted the judge to conclude appellant committed the charged offenses a multitude of times only during the period between September 1997 and January 16, 1998. There is no evidence in the record before this Court that appellant committed any of the sexual assaults before September 1, 1997. By committing the offenses when he did, appellant exposed himself to the newly revised section 12.42 of the Texas Penal Code which mandates a life sentence for habitual felony offenders.

The trial court did not request that the jury determine the dates of the offenses for purposes of application of the law as it existed before and after September 1, 1997, because no evidence was adduced at trial which raised the issue of whether appellant committed the offenses before

September 1, 1997. Only if there is a conflict in the evidence as to when the offenses occurred would a jury charge be proper. *See Blake v. State*, 971 S.W.2d 451, 455 (Tex.Crim.App.1998) (holding that if evidence is conflicting, it is proper to leave the question of whether an inculpatory witness is an accomplice witness as a matter of fact for the jury with appropriate instructions). Here, there was abundant, clear, uncontradicted evidence that the defendant repeatedly committed the charged offenses during the period after September 1, 1997. Where there is no conflict in the evidence regarding a fact, no issue for the jury is raised.

For the above stated reasons, we hold the trial court did not err by refusing to include a question in the jury charge as to the dates appellant committed the offenses. Moreover, without any evidence that any of appellant's sexual assaults occurred before September 1, 1997, there was no basis for submitting appellant's requested instruction regarding the different range of punishment applicable to sexual assaults committed before September 1, 1997.[6] Therefore, we also hold that the trial court did not err by instructing the jury only on the mandatory life sentence required by section 12.42(c)(2) of the Texas Penal Code. According, we overrule appellant's first and second points of error.

## IV.

### Double Jeopardy

■ In his third point of error, appellant argues his constitutional right against double jeopardy was violated when the trial judge ordered the sentences for the two convictions to run consecutively. Appellant's argument is that because he was convicted of two offenses arising under the same section of the penal code, he should not be subjected to consecutive life sentences for essentially the same offense.

■ As both sides recognize, constitutional protection against double jeopardy provides protection against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *see also Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex.Crim.App.1987). When a defendant is subjected to a single trial, only the third aspect of the protection against multiple punishments is involved. *See Ex parte Herron*, 790 S.W.2d 623, 623–24 (Tex.Crim.App.1990). Constitutional provisions speak of double jeopardy in terms of the "same offense" rather than "same transaction." In order to determine whether a defendant has been subjected to double jeopardy, we must apply a test for defining what constitutes the "same offense." *See Ex parte Mc Williams*, 634 S.W.2d 815, 823–24 (Tex. Crim.App.) (op. on reh'g), cert. denied, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982).

The leading case in the area of double jeopardy protection against multiple punishments is *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Blockburger* set out the test as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to

---

**6.** Appellant failed to submit to the trial court a proposed jury charge on the question of whether appellant committed the offenses before September 1, 1997. We do not reach the question of what effect this failure may have had on appellant's first two points of error because the evidence at trial did not permit the trial court to submit any question or instructions appellant may have offered to the jury concerning whether appellant committed the offenses before September 1, 1997. Appellant did submit to the trial court a proposed charge which did not address the question of the dates of the offenses, but did set out the range of punishment for offenses committed before September 1, 1997. The trial court legitimately ignored this tender because, as discussed above, the proper predicate in the evidence had not been laid.

determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. In *Blockburger*, the United States Supreme Court held that consecutive sentences under different sections of narcotic laws did not violate double jeopardy protection even though only one sale was consummated because each offense required proof of a different element. *See id.; see also David v. State*, 808 S.W.2d 239, 241–42 (Tex.App.—Dallas 1991, no pet.).

The same is true in this case. Here, appellant was charged and convicted of two violations of Penal Code section 22.021(a). First, appellant was convicted of violating section 22.021(a)(1)(B)(ii) by causing the penetration of the mouth of the complainant with the appellant's penis. Second, appellant was convicted of violating section 22.021(a)(1)(B)(i) by causing the penetration of the complainant's anus by the appellant's penis. Clearly, each provision requires proof of an additional fact that the other does not. Thus, appellant was convicted of two separate offenses. *See Vick v. State*, 991 S.W.2d 830 (Tex. Crim.App.1999). Because appellant was convicted of two separate offenses, he was subject to separate penalties for each offense. *See Watson v. State*, 900 S.W.2d 60, 62 (Tex.Crim.App.1995); *see also Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim.App.1992) (holding those who commit multiple discrete assaults against the same victim are liable for separate prosecutions and punishments for every instance of their criminal conduct). Under section 3.03 of the Texas Penal Code, once appellant was convicted of two instances of aggravated sexual assault of a child in the same criminal episode, the trial judge could order that the sentences run concurrently or consecutively. *See* TEX. PEN. CODE ANN. § 3.03(b) (Vernon Supp.2000).

In sum, appellant was convicted of two offenses requiring proof of different facts. Further, the Texas Legislature, by enacting section 3.03 of the Texas Penal Code, indicated its intent to permit the imposition of consecutive sentences in cases like this. *See David*, 808 S.W.2d at 244. Thus, we hold the trial court did not err in stacking his sentences for the two separate offenses under Penal Code section 22.021. Accordingly, we overrule appellant's third point of error.

The judgment of the trial court is affirmed.