NUMBER
13-01-264-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

ROMAN PONCE,                                                                   Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 105th District Court

                                  of
Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 

Appellant, Roman Ponce, brings this appeal following his
conviction for sexual assault of a child, aggravated sexual assault of a child,
and indecency with a child.  We modify
the trial court=s judgment and
affirm it as modified.








I.  Background

The victim, a fourteen year old girl, began going to Ponce=s house when
she was six years old.  She often went
there with her sister to watch television or play video games.  With these visits, Ponce began a pattern of
sexual abuse including touching and masturbation, sexual intercourse, and on at
least two separate occasions, anal intercourse. 
Ponce continued to engage in sexual intercourse with the victim until
she reached the age of fourteen.








Ponce was indicted on thirteen counts of sexual assault,
aggravated assault, and indecency with a child. 
Following a trial to the jury, Ponce was found guilty on nine counts.[1]  The jury then found that Ponce had been
previously convicted of two offenses of indecency with a child.[2]  The trial court assessed punishment for the
offenses in counts two, three, seven, and eight at life imprisonment, to run
consecutively.  For counts nine through
thirteen, the jury assessed punishment for each offense at twenty years
imprisonment, to be served consecutively, and a fine of $10,000.  This appeal ensued.

II.  Preservation of Error

By his second, seventh, and eighth points of error, Ponce
contends the trial court erred by: (1) assessing illegal sentences for counts
two, three, seven, and eight; (2) ordering the sentence assessed for count
eight to run consecutively with counts two, three, and seven; and (3) ordering
the sentences assessed for counts ten, eleven, twelve, and thirteen to run
consecutively with each other and with the sentences assessed  for counts two, three, seven, eight, and
nine.

However, these points of error were not preserved for our
review.  See Tex. R. App. P. 33.1; see also
Saldano v. State, 70 S.W.3d 873, 886 (Tex. Crim. App. 2002).  Generally, an appellant may not complain of
an error pertaining to his sentence or punishment if he has failed to object or
otherwise raise error in the trial court. 
Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); Quintana
v. State, 777 S.W.2d 474, 479 (Tex. App.BCorpus Christi 1989, pet. ref=d).  Thus, because Ponce failed to object to the
trial court=s punishment
and sentence on the grounds alleged by these points of error, Ponce=s second,
seventh, and eighth points of error are waived. 
See Jeffley v. State, 38 S.W.3d 847, 861 (Tex. App.BHouston [14th
Dist.] 2001, pet. ref=d).

III.  Ten-Day Trial Preparation Period

By his first point of error, Ponce contends the trial court
erred by proceeding to trial less than ten days after the indictment was
returned.








The code of criminal procedure provides, Aan appointed
counsel is entitled to 10 days to prepare for a proceeding. . . .@  Tex.
Code Crim. Proc. Ann. art. 1.051(e) (Vernon Supp. 2002).  The ten-day preparation time is a mandatory
provision that may be waived only with written consent or on the record in open
court.  Id.  Because Ponce did not waive his right to the
ten-day period, he may raise the failure to comply with section 1.051(e) for
the first time on appeal.  See Saldano,
70 S.W.3d at 888; Marin v. State, 851 S.W.2d 275, 280 (Tex. Crim. App.
1993).

The purpose of article 1.051(e) is to provide appointed counsel
a reasonable amount of time to prepare a defense for trial.  Ashcraft v. State, 900 S.W.2d 817, 829
(Tex. App.BCorpus Christi
1995, pet. ref=d).  Thus, there is no error in re-indicting a
defendant less than ten days before trial so long as counsel is appointed on
the original indictment in excess of ten days, and any difference between the
indictments is negligible and in no way affects the defendant=s ability to
prepare for trial.  See Marin v.
State, 891 S.W.2d 267, 271 (Tex. Crim. App. 1994); Guzman v. State,
521 S.W.2d 267, 270 (Tex. Crim. App. 1975); Holleman v. State, 945
S.W.2d 232, 234 (Tex. App.BAmarillo 1997,
pet. ref=d).








In this instance, the original indictment was filed on March 1,
2001, alleging three counts.  A
re-indictment was filed on March 8, 2001, also alleging three counts.  On April 6, 2001, another indictment was
filed alleging thirteen counts.  The case
was called for trial on April 10, 2001. 
Although the record does not provide the date Ponce=s counsel was
appointed, Ponce=s first motion
was filed on March 5, 2001.  Thus, we can
assume Ponce=s attorney had
been appointed, at the very latest, on the date his first motion was filed.

Looking at all three indictments, we find the re-indictment
filed on April 6, 2002, although containing ten additional counts, merely
expanded the number and methods of sexual assault and indecency against the
same victim during the same general time range. 
Nothing suggests that the expanded number of counts in the re-indictment
affected Ponce=s overall
strategy garnered from the previous indictments in any way, or gave rise to a
need for additional time to prepare. 
Because Ponce=s counsel was
appointed in excess of ten days from the date the trial started, and the
difference between the first two indictments and the re-indictment filed on
April 6, 2002, is negligible and in no way affected Ponce=s ability to
prepare for trial, there is no error.  See
Marin, 891 S.W.2d at 271; Guzman, 521 S.W.2d at 270; Holleman,
945 S.W.2d at 234.  Ponce=s appointed
counsel had a reasonable amount of time to prepare a defense for trial.  See Ashcraft, 900 S.W.2d at 829.  Ponce=s first point
of error is overruled.

IV.  Deferred Adjudications

By his third and
fourth points of error, Ponce contends the trial court erred by: (1)
instructing the jury that a deferred adjudication was a conviction; and (2)
such an instruction violated the ex post facto provisions of the federal
and state constitutions.[3] 








Section 12.42(c)(2) of the Texas Penal Code
provides for enhanced penalties for repeat and habitual felony offenders.  See Tex.
Pen. Code Ann. ' 12.42(c)(2) (Vernon Supp. 2002). 
This section further provides that a defendant shall be punished by
imprisonment for life if the defendant is convicted of aggravated sexual
assault[4] or
sexual assault,[5] among
others, and if the defendant has been previously convicted of certain offenses,
including indecency with a child.[6]  See id. '
12.42(c)(2)(A) & (B) (Vernon Supp. 2002). 
Section 12.42(g) then provides that for purposes of subsection (c)(2), a
defendant has been previously convicted of offenses listed under subsection
(c)(2)(B), one of which is indecency with a child, Aif
the defendant was adjudged guilty of the offense or entered a plea of guilty or
nolo contendere in return for a grant of deferred adjudication,
regardless of whether the sentence . . . was ever imposed or . . . probated and
the defendant was subsequently discharged from community supervision.@  Id. '
12.42(g)(1) (Vernon Supp. 2002) (emphasis added).








Ponce argues that the current penal code would
permit the use of his prior deferred adjudication probations as previous
convictions if he was placed on deferred adjudication following the enactment
of section 12.42(g) on September 1, 1997. 
However, he argues that because he was placed on deferred adjudication
on April 21, 1993, the deferred adjudication probations cannot be considered
final convictions.  At the time, article
42.12, section 5(c) of the code of criminal procedure provided that a dismissal
and discharge from deferred adjudication could not be deemed a conviction for
the purposes of disqualifications or disabilities imposed for conviction of an
offense.  See Act of May 29, 1995, 74th Leg., R.S.,
Ch. 256, ' 2, 1995 Tex. Gen. Laws 2190,
2191, amended by Act of June 13, 1997, 75th Leg., R.S., Ch. 667, '' 1,
7, 1997 Tex. Gen. Laws 2250, 2250, 2252. 
Thus, prior to September 1, 1997, a defendant=s
prior successful dismissal or discharge of deferred adjudication could not be
used to enhance his punishment under section 12.42 of the penal code.  See id.; Scott v. State, 55
S.W.3d 593, 596-97 (Tex. Crim. App. 2001).

In this case, however, Ponce did not successfully
complete his deferred adjudication probations. 
There is therefore no explicit limitation on the collateral consequences
of Ponce=s
prior deferred adjudications.  See
Scott, 55 S.W.3d at 597.  AThe
resolution of criminal charges will always carry the possibility of collateral
consequences, and as long as those consequences are not statutorily restricted,
disabilities and disqualifications which the defendant might not have
anticipated may proceed from the prior cause. 
Id.  Furthermore, because
the enhancement statute penalizes the new criminal offense by enhancing it, rather
than enhancing the prior offense, it cannot be said that an ex post facto
violation occurred in this instance.  See
id. at 596.  Accordingly, we find the
trial court did not err in holding Ponce=s
deferred adjudication probations as convictions.  Ponce=s
third and fourth points of error are overruled.








IV.  Enhancement Provisions to Count Eight  

 By his fifth
and sixth points of error, Ponce contends the trial court erred in its
instructions to the jury concerning the range of punishment for count eight,
the aggravated assault that occurred prior to June 1, 1997.  Specifically, Ponce argues the trial court
erred by: (1)  instructing the jury, with
regard to count eight, that a deferred adjudication was a conviction; and (2)
failing to instruct the jury that the range of punishment to be assessed for
count eight depended upon the date of the commission of the offense.








Relying on Coleman v. State, 45 S.W.3d 175,
181-82 (Tex. App.BHouston
[1st Dist.] 2001, pet. ref=d),
the State contends Ponce waived error in the jury charge because Ponce not only
failed to object to the charge, but he affirmed the charge.  See id.; Ly v. State, 943
S.W.2d 218, 220 (Tex. App.BHouston
[1st Dist.] 1997, pet. ref=d);
Reyes v. State, 934 S.W.2d 819, 820 (Tex. App.BHouston
[1st Dist.] 1996, pet. ref=d).  However, we decline to follow such
doctrine.  Based upon a reading of Almanza,[7] and
following the analysis and holding of other sister courts, we find that an
error in a jury charge cannot be waived by an affirmative approval of the jury
charge.  See Webber v. State, 29
S.W.3d 226, 232-35 (Tex. App.BHouston
[14th Dist.] 2000, pet. ref=d);
see also Ward v. State, 72 S.W.3d 413, 417 (Tex. App.BFort
Worth 2002, no pet.); Bluitt v. State, 70 S.W.3d 901, 905-06 (Tex. App.BFort
Worth 2002, no pet.).  Thus, even though
Ponce failed to object and then affirmed the charge, we will address Ponce=s
jury charge contentions.

Typically, the date alleged in the indictment is an
approximation that allows the State to prosecute a defendant for acts occurring
within the limitations period.  See
Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).  The Aon
or about@
language of an indictment allows the State to prove a date other than the one
alleged in the indictment as long as the date is anterior to the presentment of
the indictment and within the statutory limitations period.  Id. 
Where an indictment alleges that some relevant event transpired Aon
or about@ a
particular date, the accused is put on notice to prepare proof that the event
happened at any time within the statutory period of limitations.  Addicks v. State, 15 S.W.3d 608, 612
(Tex. App.BHouston
[14th Dist.] 2000, pet. ref=d).








As section 12.42 of the penal code provides, a
person convicted of aggravated sexual assault of a child will receive a
mandatory sentence of life imprisonment if that person was previously convicted
of certain enumerated felonies, including indecency with a child.  See Tex.
Pen. Code Ann. ' 12.42(c)(2)(B), (g) (Vernon Supp. 2002).  As we have already held, Ponce=s
previous deferred adjudication probations are convictions; they may be used for
enhancement purposes.  See Scott,
55 S.W.3d at 597.  However, section 12.42
only applies to convictions for offenses committed on or after September 1,
1997.  See Act of June 13, 1997,
75th Leg., R.S., ch. 667, '' 4, 7, 1997 Tex. Gen. Laws 2250, 2252-53 (amending
penal code section 12.42(c) to provide for mandatory life sentence where
defendant is convicted of aggravated sexual assault committed on or after
September 1, 1997, and has a previous conviction of indecency with a
child).  Unlike counts two, three, and
seven, where the dates of the offenses were alleged to be after September 1,
1997, count eight was alleged to have occurred before the effective date of the
amendment, that is, on June 1, 1997. 
This date is significant because, prior to the enactment of the
amendment, the offense of aggravated assault of a child committed by a
defendant having previous deferred adjudication probations was not subject to
enhancement.  See Tex. Pen. Code Ann. ' 22.021 (Vernon 1994 & Supp. 2002); see also
Act of May 29, 1995, 74th Leg., R.S., ch. 250, ' 1,
1995 Tex. Gen. Laws 2176, amended by Act
of June 13, 1997, 75th Leg., R.S., ch. 667, '' 4, 7, 1997 Tex. Gen. Laws 2250, 2252-53. 

A trial court must charge the jury fully and
affirmatively on the law applicable to every issue raised by the evidence.  Addicks, 15 S.W.3d at 612.  Thus, if the evidence at trial shows that
Ponce committed the aggravated assault before September 1, 1997, then the trial
court should have instructed the jury with the applicable law as to aggravated
sexual assault committed prior to September 1, 1997.  See id. at 613; see also Huizar v.
State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).








In this instance, the jury found Ponce guilty of
aggravated assault Aas
charged in Count 8 of the indictment.@  The trial court then entered in its judgment
June 1, 1997, as the date the offense in count eight was committed.  It is well settled that a recital in the
judgment of conviction specifying the date of the offense constitutes
sufficient evidence of that date.  Green
v. State, 542 S.W.2d 416, 417 (Tex. Crim. App. 1976); Lopez v. State,
660 S.W.2d 592, 595 (Tex. App.BCorpus
Christi 1983, pet. ref=d).  Thus, we conclude there is sufficient
evidence that the offense alleged in count eight was committed prior to
September 1, 1997.  Because the
applicable enhancement provisions of section 12.42 only apply to convictions
for offenses committed on or after September 1, 1997, see Act of June
13, 1997, 75th Leg., R.S., ch. 667, '' 4, 7, 1997 Tex. Gen. Laws 2250, 2252-53, the trial
court erred by  not instructing the jury
with the law applicable to aggravated sexual assaults committed prior to
September 1, 1997.  See Addicks,
15 S.W.3d at 614.








Because Ponce failed to object to the error in the
charge, we reverse only if the error is so egregious and created such harm that
Ponce has not had a fair and impartial trial. 
See Almanza v. State, 686 S.W.2d 157,
172 (Tex. Crim. App. 1985);
Guerrero v. State, 820 S.W.2d 378, 384 (Tex. App.BCorpus
Christi 1991, pet. ref=d).  Errors that Aresult
in egregious harm are those which affect the very basis of the case, deprive
the defendant of a valuable right, or vitally affect a defensive theory.@  Webber, 29 S.W.3d at 235 (quoting Hutch
v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)).  To determine if Ponce suffered egregious
harm, we consider: (1) the entire charge; (2) the state of the evidence,
including contested issues; (3) arguments of counsel; and (4) any other
relevant information.  Id. at
236.  The purpose of the review is to
find actual harm to the accused, not mere theoretical harm.  Id.; see Almanza, 686 S.W.2d at
174.  Egregious harm must be determined
on a case-by-case basis.  Hutch,
922 S.W.2d at 171; Brown v. State, 45 S.W.3d 228, 230 (Tex. App.BFort
Worth 2001, pet. ref=d).

In the present case, the jury found appellant
guilty of one count of aggravated sexual assault and two counts of sexual
assault of a child committed after the amendment date of September 1,
1997.  Thus, as stated in our analysis of
points of error three and four, Ponce was correctly assessed the enhanced
sentence of life imprisonment for these three counts, to run
consecutively.  See Tex. Pen. Code Ann. ' 12.42(c)(2)(B), (g).  Even if
the jury gave Ponce the minimum sentence for the offense of aggravated assault
in count eight, as the law provided before September 1, 1997, Ponce would still
have to serve three separate life sentences. 
In light of these three life sentences, Ponce would not suffer actual
harm by the charge error for count eight, only theoretical harm.  See Almanza, 686 S.W.2d at 174;
Webber, 29 S.W.3d at 236.  Thus,
looking at the record as a whole, we conclude the trial court=s
error as to count eight was not so egregious as to deprive Ponce of a fair and
impartial trial.  Ponce=s
fifth and sixth points of error are overruled.

V.  Ex Post Facto

By his ninth point of error, Ponce contends the
trial court violated the ex post facto provisions of the state and federal
constitutions.  Specifically, he argues
the trial court erred by ordering the sentences for counts ten, eleven, twelve,
and thirteen, to run consecutively to each other and to the sentences assessed
for counts two, three, seven, eight, and nine.








An ex post facto law (1) punishes as a crime an act
previously committed which was innocent when done, (2) changes the punishment
and inflicts a greater punishment than the law attached to a criminal offense
when committed, or (3) deprives a person charged with a crime of any defense
available at the time the act was committed. 
Johnson v. State, 930 S.W.2d 589, 591 (Tex. Crim App. 1996)
(citing Collins v. Youngblood, 497 U.S. 37, 42-43 (1990)).  The issue in this case focuses on the second
definition; i.e., punishment.

Section 3.03 of the penal code provides that if an
accused is found guilty of more than one offense arising out of the same
criminal episode, the sentences may run consecutively if each sentence is for a
conviction of indecency with a child, among certain other enumerated
offenses.  Tex. Pen. Code Ann. '
3.03(b)(1) (Vernon Supp. 2002).  However,
this particular section became effective September 1, 1997, and only applies to
offenses which were committed Aon
or after@
this date.  See Act of June 13,
1997, 75th Leg., R.S. ch. 667, '' 2, 7, 1997 Tex. Gen. Laws 2250, 2251-52.  Prior to the effective date of the amendment,
section 3.03 provided that if an accused is found guilty of more than one
offense arising out of the same criminal episode, the sentences for each
offense shall run concurrently.  See Act
of June 14, 1995, 74th Leg., R.S., ch. 596, ' 1,
1995 Tex. Gen. Laws 3435 (amended 1997).








In this instance, Ponce was found guilty of four
offenses of indecency with a child, all committed prior to September 1,
1997.  Thus, because these four offenses
of indecency with a child occurred prior to the amendment of section 3.03 of
the penal code, the sentences should not have been ordered to run
consecutively.  See id.  Because the cumulation of sentences
essentially constitutes an increase in punishment, we conclude that Ato
allow cumulation of punishment under authority of a statute that did not so
provide at the time of the offense violates the Ex Post Facto Clause.@  Johnson, 930 S.W.2d at 593.  Ponce=s
ninth point of error is sustained.

VI.  Hearsay

By his tenth point of error, Ponce contends the
trial court erred by overruling his hearsay objection to the hospital records.

Texas Rules of Evidence 803(4) excepts from the
hearsay rule statements made for the purpose of medical diagnosis or
treatment.  Tex. R. Evid. 803(4). 
This exception is based on the assumption that the patient understands
the importance of being truthful with the medical personnel involved to receive
an accurate diagnosis and treatment.  Beheler
v. State, 3 S.W.3d 182, 188 (Tex. App.BFort
Worth 1999, pet. ref=d).  Statements
made by the parent of an injured child for the purpose of diagnosing or
treating the child qualifies as an exception under rule 803(4).  Sandoval v. State, 52 S.W.3d 851,
856-57 (Tex. App.BHouston
[1st Dist.] 2001, pet. ref=d).  








In this instance, the nurse testified that the
medical records containing the alleged hearsay statements were from her
examination of the victim.  After the
State offered the records into evidence, Ponce objected.  Although only a general objection to the
medical records was made, it appears from the record that Ponce=s
attorney was objecting to statements made by the mother of the victim to the
examining nurse.[8]  These statements concerned the details of
Ponce=s
relationship with the victim and the pattern of sexual assaults against
her.  Because the object of the exam was
to ascertain whether the child had been sexually abused, and to determine
whether further medical attention was needed, we find these statements fall
under the rule 803(4) exception.  See
id.; Beheler, 3 S.W.3d at 189. Ponce=s
tenth point of error is overruled.

VII.  Ineffective Assistance of Counsel

By his eleventh point of error, Ponce contends his
trial attorney was ineffective when he failed to object to the jury charge with
regard to the significance of the September 1, 1997 date, and by failing to
raise an ex post facto challenge to section 12.42 of the penal code.








The United States Supreme Court and the Texas Court
of Criminal Appeals have promulgated a two-prong test to determine whether
representation was so inadequate that it violated a defendant=s
sixth amendment right to counsel.  See,
e.g., Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez
v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986); Munoz v. State,
24 S.W.3d 427, 433 (Tex. App.BCorpus
Christi 2000, no pet.).  To establish
ineffective assistance of counsel, appellant must show: (1) his attorney=s
representation fell below an objective standard of reasonableness; and (2) there
is a reasonable probability that, but for his attorney=s
errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 687; Stone
v. State, 17 S.W.3d 348, 349-50 (Tex. App.BCorpus
Christi 2000, pet. ref=d).  Appellant has the burden of proving
ineffective assistance of counsel by a preponderance of the evidence.  See Munoz, 24 S.W.3d at 434; Stone,
17 S.W.3d at 350.  An allegation of
ineffective assistance of counsel will only be sustained if it is firmly
founded and the record affirmatively demonstrates counsel=s
alleged ineffectiveness.  Guzman v.
State, 923 S.W.2d 792, 797 (Tex. App.BCorpus
Christi 1996, no pet.).  In assessing a
claim of ineffective assistance of counsel, there is a strong presumption that
counsel=s
conduct fell within the wide range of reasonable professional assistance.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).  Also, in the
absence of evidence of counsel=s
reasons for the challenged conduct, an appellate court will assume a strategic
motivation and will not conclude that the conduct was deficient unless the
conduct was so outrageous that no competent attorney would have engaged in
it.  See id.; Thompson v. State,
9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

A.  Ex Post
Facto








We have already held that the trial court=s
treatment of Ponce=s
prior deferred adjudication probations did not violate an ex post facto
clause.  Thus, Ponce=s
claim of ineffective assistance based on his counsel=s
failure to object to an ex post facto violation as to the deferred
adjudications is without merit. 
Moreover, we sustained Ponce=s
ex post facto contention with regard to counts ten through thirteen, deleting
the cumulation orders pertaining to the counts=
sentences.  Thus, Ponce=s
argument regarding ineffective assistance of counsel as to counts ten through
thirteen is moot.

B.  Jury
Charge

As to count eight, although it was error for the
trial court not to instruct the jury with the law applicable to aggravated
sexual assaults committed prior to September 1, 1997, we have already held
that, because of the three other mandatory life sentences, Ponce has suffered,
at the most, Atheoretical
harm.@  Thus, because Ponce has failed to demonstrate
that Abut
for his attorney=s
errors, the result of the proceeding would have been different,@
Ponce has not met the second prong of Strickland.  Strickland, 466 U.S. at 687.  Ponce=s
eleventh point of error is overruled.

VIII.  Improper Argument

Finally, by his twelfth point of error, Ponce
contends the trial court erred by permitting the State to call Ponce a Awolf@
during closing argument.

Proper jury argument must fall within one of the
following categories: (1) summation of the evidence; (2) reasonable deductions
from the evidence; (3) answers to arguments by opposing counsel; and (4) pleas
for law enforcement.  Guidry v. State,
9 S.W.3d 133, 154 (Tex. Crim. App. 1999). 
To determine whether a party=s
argument properly falls within one of these categories, we must consider the
argument in light of the record as a whole. 
Wilson v. State, 938 S.W.2d 57, 61 (Tex. Crim. App. 1996).








Dramatic epithets may be used against a defendant
during closing arguments as proper deductions based upon the evidence and
nature of the crime.  See Long v.
State, 823 S.W.2d 259, 270 (Tex. Crim App. 1991) (Aless
human than any person with which the jury will ever have contact.@);
McKay v. State, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985) (referring to
defendant as a Awolf@); Easley
v. State, 454 S.W.2d 758, 761 (Tex. Crim. App. 1970) (referring to
defendant as a Asavage@).

In this case, the State referred to defendant as a Awolf@ as
part of an overall  theme that Ponce
stalked the victim as a wolf would stalk its prey.  In that theme, the State referred to the
victim as a Asheep,@
the victim=s
mother as a negligent Ashepherd,@
and Ponce=s
sexual desire for the victim as Aa
taste of blood.@  Upon review of the record, we conclude that
based on the nature of these offenses and conduct by Ponce, the State=s
references were proper deductions based upon the evidence.  See McKay, 707 S.W.2d at 37.  Ponce=s
twelfth point of error is overruled.

IX.  Conclusion

Accordingly, we modify the trial court=s
judgment by deleting the cumulation order for counts ten, eleven, twelve, and
thirteen, and affirm the judgment as modified.

NELDA V. RODRIGUEZ

Justice

 

Publish.

Tex.
R. App. P. 47.3

 

Opinion
delivered and filed

this
30th day of August, 2002.








 











[1]The
counts, offenses, and dates of the offenses Ponce was convicted of are as
follows: 

 

Counts
two-three: Sexual Assault of a Child,
February 7, 2001;

Count
seven:                          Aggravated
Sexual Assault of a Child, June 1, 1998;

Count
eight:                           Aggravated
Sexual Assault of a Child, June 1, 1997;

Count
nine:                             Indecency
with a Child, June 1, 1998;

Count
ten:                              Indecency
with a Child, June 1, 1997;

Count
eleven:         Indecency with a Child,
June 1, 1996;

Count
twelve:        Indecency with a Child,
June 1, 1995;

Count
thirteen:       Indecency with a Child,
June 1, 1994.





[2]Ponce=s
Aprevious
convictions@ were deferred
adjudication probations for two offenses of indecency with a child committed on
July 1, 1992.





[3]Although
the State contends otherwise, an individual may not waive the ex post facto
prohibition against punishment.  See
Ieppert v. State, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995); Dean v.
State, 60 S.W.3d 217, 219 n.1 (Tex. App.BHouston
[14th Dist.] 2001, no pet.).





[4]Tex. Pen. Code Ann. ' 22.021 (Vernon 1994 & Supp.
2002).





[5]Tex. Pen. Code Ann. '
22.011 (Vernon 1994 & Supp. 2002).





[6]Tex. Pen. Code Ann. '
21.11 (Vernon 1994 & Supp. 2002).





[7]See
generally Almanza v. State, 686 S.W.2d 157 (Tex.
Crim. App. 1985).





[8]On
appeal, Ponce raises a Ahearsay
within hearsay@ argument in
his brief.  However, this objection was
not made to the trial court.  See
Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (complaint on
appeal must comport with objections made at trial).  Thus, we will not address this argument
because it is waived.  See Jeffley v.
State, 38 S.W.3d 847, 861 (Tex. App.BHouston
[14th Dist.] 2001, pet. ref=d).