11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Dandrea D. McGree 

Appellant

Vs.                   Nos.
11-02-00229-CR & 11-02-00248-CR B Appeals from Dallas County

State of Texas

Appellee

 

The jury
convicted appellant, upon his plea of guilty, of evading arrest[1]
and of possession of  cocaine.[2]   The jury assessed appellant=s punishment at confinement for 6 years for
evading arrest and confinement for 15 years for possession of cocaine.  We affirm.

In each
case, appellant=s court-appointed counsel has filed a brief
in which he  conscientiously examines
the proceedings both pretrial and during 
trial.  Counsel correctly notes
that a plea of guilty before the jury admits all the facts necessary to
establish guilt.  Wilkerson v. State,
736 S.W.2d 656 (Tex.Cr.App.1987); Waltmon v. State, 76 S.W.3d 148 (Tex.App. -
Beaumont 2002, no pet=n);
Addicks v. State, 15 S.W.3d 608 (Tex.App. - Houston [14th Dist.] 2000, pet=n ref=d).  Counsel also examines the
performance of trial counsel and concludes that appellant was afforded
reasonably effective assistance of counsel. 
Counsel further states that neither the indictment nor  the trial on the merits present any arguable
issues to be raised on appeal.  Counsel
states that he believes the appeals are frivolous and without merit.

Counsel
has furnished appellant with a copy of each of the briefs and has advised
appellant of his right to review the record and file pro se briefs.  A pro se brief has not been filed in either
case.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous
v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).








Following
the procedures outlined in Anders, we have independently reviewed the
record.  Dallas County Sheriff=s Deputy Tim Ervin testified that he was Ashooting speed enforcement with the laser
unit@ when he clocked the vehicle appellant was
driving at 76 mph in a 60 mph speed zone. 
Deputy Ervin pulled out behind appellant=s vehicle, turned on his squad car=s lights, and attempted to stop appellant=s vehicle.  A chase ensued with
appellant reaching speeds above 100 mph. 
The chase ended when appellant drove into an empty house.  Appellant kicked out the driver=s side window, crawled out, and ran off.  Deputy Ervin pursued appellant and Atackled@ him.  Appellant resisted.  Deputy Ervin testified that he had to use
pepper spray  A[t]o gain control of the situation.@ 
Appellant stipulated that the substance retrieved from the vehicle he
was driving was cocaine and that it had an aggregate weight of 90.52
grams.  

We agree
with appellate counsel that the record reflects that appellant received
reasonably effective assistance from his trial counsel.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).   Trial counsel=s representations were within the range of competence demanded of
attorneys in criminal cases, and the records do not reflect that there is a
reasonable probability that, but for any error by counsel, appellant would have
not pleaded guilty but would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985); Ex
parte Morrow, 952 S.W.2d 530 (Tex.Cr.App.1997), cert. den=d, 525 U.S. 810 (1998).  We agree
that the appeals are without merit.

The
judgments of the trial court are affirmed.

 

PER
CURIAM

 

April 17, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Cause No. 11-02-00229-CR.





[2]Cause No. 11-02-00248-CR.