**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 13, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00060-CR

### IN RE ROY E. ADDICKS JUNIOR, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 801,835**

## MEMORANDUM OPINION

On January 23, 2020, relator Roy E. Addicks Junior[1] filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 183rd District Court of Harris County, to rule on various motions which relator alleges he has filed.

---

[1] Our court previously affirmed relator's conviction for two counts of aggravated sexual assault of a child *See Addicks v. State*, 15 S.W.3d 608 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Lizcano v. Chatham,* 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); Tex. R. App. P. 52.3(k) (petition must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); and Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). While we agree with relator that Texas Rule of Appellate Procedure 2 allows us to suspend some of the requirements of Rule 52 upon a showing of good cause, relator has not provided this court with any record, much less one showing that he is entitled to mandamus relief.

Additionally, Judge Vanessa Velasquez is no longer the presiding judge of the court in which relator was convicted; therefore, even if we had received the record, we would be required to abate this proceeding for a response from the current sitting judge. *See* Tex. R. App. P. 7.2(b).

We therefore deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).