**Roman PONCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–01–264–CR.**

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Aug. 30, 2002.

Rehearing Overruled Oct. 3, 2002.

Thomas F. Greenwell, Corpus Christi, for appellant.

Carlos Valdez, Nueces County District Attorney, Douglas K. Norman, Corpus Christi, for state.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, Roman Ponce, brings this appeal following his conviction for sexual assault of a child, aggravated sexual assault of a child, and indecency with a child. We modify the trial court's judgment and affirm it as modified.

## I. BACKGROUND

The victim, a fourteen year old girl, began going to Ponce's house when she was six years old. She often went there with her sister to watch television or play video games. With these visits, Ponce began a pattern of sexual abuse including touching and masturbation, sexual intercourse, and on at least two separate occasions, anal intercourse. Ponce continued to engage in sexual intercourse with the victim until she reached the age of fourteen.

Ponce was indicted on thirteen counts of sexual assault, aggravated assault, and indecency with a child. Following a trial to the jury, Ponce was found guilty on nine counts.[1] The jury then found that Ponce had been previously convicted of two offenses of indecency with a child.[2] The trial court assessed punishment for the offenses in counts two, three, seven, and eight at life imprisonment, to run consecutively. For counts nine through thirteen, the jury assessed punishment for each offense at twenty years imprisonment, to be served consecutively, and a fine of $10,000. This appeal ensued.

## II. PRESERVATION OF ERROR

■ By his second, seventh, and eighth points of error, Ponce contends the trial court erred by: (1) assessing illegal sentences for counts two, three, seven, and eight; (2) ordering the sentence assessed for count eight to run consecutively with counts two, three, and seven; and (3) ordering the sentences assessed for counts ten, eleven, twelve, and thirteen to run consecutively with each other and with the sentences assessed for counts two, three, seven, eight, and nine.

■ However, these points of error were not preserved for our review. *See* TEX.R.APP. P. 33.1; *see also Saldano v. State,* 70 S.W.3d 873, 886 (Tex.Crim.App. 2002). Generally, an appellant may not complain of an error pertaining to his sentence or punishment if he has failed to object or otherwise raise error in the trial court. *Mercado v. State,* 718 S.W.2d 291, 296 (Tex.Crim.App.1986); *Quintana v. State,* 777 S.W.2d 474, 479 (Tex.App.-Corpus Christi 1989, pet. ref'd). Thus, because Ponce failed to object to the trial court's punishment and sentence on the grounds alleged by these points of error,

---

1. The counts, offenses, and dates of the offenses Ponce was convicted of are as follows:

| | |
|---|---|
| Counts two-three: | Sexual Assault of a Child, February 7, 2001; |
| Count seven: | Aggravated Sexual Assault of a Child, June 1, 1998; |
| Count eight: | Aggravated Sexual Assault of a Child, June 1, 1997; |
| Count nine: | Indecency with a Child, June 1, 1998; |
| Count ten: | Indecency with a Child, June 1, 1997; |
| Count eleven: | Indecency with a Child, June 1, 1996; |
| Count twelve: | Indecency with a Child, June 1, 1995; |
| Count thirteen: | Indecency with a Child, June 1, 1994. |

2. Ponce's "previous convictions" were deferred adjudication probations for two offenses of indecency with a child committed on July 1, 1992.

Ponce's second, seventh, and eighth points of error are waived. *See Jeffley v. State,* 38 S.W.3d 847, 861 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd).

### III. TEN-DAY TRIAL PREPARATION PERIOD

■ By his first point of error, Ponce contends the trial court erred by proceeding to trial less than ten days after the indictment was returned.

■ The code of criminal procedure provides, "an appointed counsel is entitled to 10 days to prepare for a proceeding...." TEX.CODE CRIM. PROC. ANN. art. 1.051(e) (Vernon Supp.2002). The ten-day preparation time is a mandatory provision that may be waived only with written consent or on the record in open court. *Id.* Because Ponce did not waive his right to the ten-day period, he may raise the failure to comply with section 1.051(e) for the first time on appeal. *See Saldano,* 70 S.W.3d at 888; *Marin v. State,* 851 S.W.2d 275, 280 (Tex.Crim.App.1993).

■ The purpose of article 1.051(e) is to provide appointed counsel a reasonable amount of time to prepare a defense for trial. *Ashcraft v. State,* 900 S.W.2d 817, 829 (Tex.App.-Corpus Christi 1995, pet. ref'd). Thus, there is no error in re-indicting a defendant less than ten days before trial so long as counsel is appointed on the original indictment in excess of ten days, and any difference between the indictments is negligible and in no way affects the defendant's ability to prepare for trial. *See Marin v. State,* 891 S.W.2d 267, 271 (Tex.Crim.App.1994); *Guzman v. State,* 521 S.W.2d 267, 270 (Tex.Crim.App.1975); *Holleman v. State,* 945 S.W.2d 232, 234 (Tex.App.-Amarillo 1997, pet. ref'd).

In this instance, the original indictment was filed on March 1, 2001, alleging three counts. A re-indictment was filed on March 8, 2001, also alleging three counts. On April 6, 2001, another indictment was filed alleging thirteen counts. The case was called for trial on April 10, 2001. Although the record does not provide the date Ponce's counsel was appointed, Ponce's first motion was filed on March 5, 2001. Thus, we can assume Ponce's attorney had been appointed, at the very latest, on the date his first motion was filed.

Looking at all three indictments, we find the re-indictment filed on April 6, 2002, although containing ten additional counts, merely expanded the number and methods of sexual assault and indecency against the same victim during the same general time range. Nothing suggests that the expanded number of counts in the re-indictment affected Ponce's overall strategy garnered from the previous indictments in any way, or gave rise to a need for additional time to prepare. Because Ponce's counsel was appointed in excess of ten days from the date the trial started, and the difference between the first two indictments and the re-indictment filed on April 6, 2002, is negligible and in no way affected Ponce's ability to prepare for trial, there is no error. *See Marin,* 891 S.W.2d at 271; *Guzman,* 521 S.W.2d at 270; *Holleman,* 945 S.W.2d at 234. Ponce's appointed counsel had a reasonable amount of time to prepare a defense for trial. *See Ashcraft,* 900 S.W.2d at 829. Ponce's first point of error is overruled.

### IV. DEFERRED ADJUDICATIONS

■ By his third and fourth points of error, Ponce contends the trial court erred by: (1) instructing the jury that a deferred adjudication was a conviction; and (2) such an instruction violated the *ex post facto* provisions of the federal and state constitutions.[3]

---

**3.** Although the State contends otherwise, an individual may not waive the ex post facto

Section 12.42(c)(2) of the Texas Penal Code provides for enhanced penalties for repeat and habitual felony offenders. *See* TEX. PEN.CODE ANN. § 12.42(c)(2) (Vernon Supp.2002). This section further provides that a defendant shall be punished by imprisonment for life if the defendant is convicted of aggravated sexual assault [4] or sexual assault,[5] among others, and if the defendant has been previously convicted of certain offenses, including indecency with a child.[6] *See id.* § 12.42(c)(2)(A) & (B) (Vernon Supp.2002). Section 12.42(g) then provides that for purposes of subsection (c)(2), a defendant has been previously convicted of offenses listed under subsection (c)(2)(B), one of which is indecency with a child, "if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of *deferred adjudication,* regardless of whether the sentence ... was ever imposed or ... probated and the defendant was subsequently discharged from community supervision." *Id.* § 12.42(g)(1) (Vernon Supp.2002) (emphasis added).

Ponce argues that the current penal code would permit the use of his prior deferred adjudication probations as previous convictions if he was placed on deferred adjudication following the enactment of section 12.42(g) on September 1, 1997. However, he argues that because he was placed on deferred adjudication on April 21, 1993, the deferred adjudication probations cannot be considered final convictions. At the time, article 42.12, section 5(c) of the code of criminal procedure provided that a dismissal and discharge from

deferred adjudication could not be deemed a conviction for the purposes of disqualifications or disabilities imposed for conviction of an offense. *See* Act of May 29, 1995, 74th Leg., R.S., Ch. 256, § 2, 1995 Tex. Gen. Laws 2190, 2191, *amended by* Act of June 13, 1997, 75th Leg., R.S., Ch. 667, §§ 1, 7, 1997 Tex. Gen. Laws 2250, 2250, 2252. Thus, prior to September 1, 1997, a defendant's prior successful dismissal or discharge of deferred adjudication could not be used to enhance his punishment under section 12.42 of the penal code. *See id.; Scott v. State,* 55 S.W.3d 593, 596–97 (Tex.Crim.App.2001).

■ In this case, however, Ponce did not successfully complete his deferred adjudication probations. There is therefore no explicit limitation on the collateral consequences of Ponce's prior deferred adjudications. *See Scott,* 55 S.W.3d at 597. "The resolution of criminal charges will always carry the possibility of collateral consequences, and as long as those consequences are not statutorily restricted, disabilities and disqualifications which the defendant might not have anticipated may proceed from the prior cause." *Id.* Furthermore, because the enhancement statute penalizes the new criminal offense by enhancing it, rather than enhancing the prior offense, it cannot be said that an ex post facto violation occurred in this instance. *See id.* at 596. Accordingly, we find the trial court did not err in holding Ponce's deferred adjudication probations as convictions. Ponce's third and fourth points of error are overruled.

prohibition against punishment. *See Ieppert v. State,* 908 S.W.2d 217, 220 (Tex.Crim.App. 1995); *Dean v. State,* 60 S.W.3d 217, 219 n. 1 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

**4.** TEX. PEN.CODE ANN. § 22.021 (Vernon 1994 & Supp.2002).

**5.** TEX. PEN.CODE ANN. § 22.011 (Vernon 1994 & Supp.2002).

**6.** TEX. PEN.CODE ANN. § 21.11 (Vernon 1994 & Supp.2002).

## IV. ENHANCEMENT PROVISIONS TO COUNT EIGHT

By his fifth and sixth points of error, Ponce contends the trial court erred in its instructions to the jury concerning the range of punishment for count eight, the aggravated assault that occurred prior to June 1, 1997. Specifically, Ponce argues the trial court erred by: (1) instructing the jury, with regard to count eight, that a deferred adjudication was a conviction; and (2) failing to instruct the jury that the range of punishment to be assessed for count eight depended upon the date of the commission of the offense.

 Relying on *Coleman v. State*, 45 S.W.3d 175, 181–82 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd), the State contends Ponce waived error in the jury charge because Ponce not only failed to object to the charge, but he affirmed the charge. *See id.; Ly v. State*, 943 S.W.2d 218, 220 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd); *Reyes v. State*, 934 S.W.2d 819, 820 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). However, we decline to follow such doctrine. Based upon a reading of *Almanza*,[7] and following the analysis and holding of other sister courts, we find that an error in a jury charge cannot be waived by an affirmative approval of the jury charge. *See Webber v. State*, 29 S.W.3d 226, 232–35 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd); *see also Ward v. State*, 72 S.W.3d 413, 417 (Tex. App.-Fort Worth 2002, no pet.); *Bluitt v. State*, 70 S.W.3d 901, 905–06 (Tex.App.-Fort Worth 2002, no pet.). Thus, even though Ponce failed to object and then affirmed the charge, we will address Ponce's jury charge contentions.

 Typically, the date alleged in the indictment is an approximation that allows the State to prosecute a defendant for acts occurring within the limitations period. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App.1997). The "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitations period. *Id.* Where an indictment alleges that some relevant event transpired "on or about" a particular date, the accused is put on notice to prepare proof that the event happened at any time within the statutory period of limitations. *Addicks v. State*, 15 S.W.3d 608, 612 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd).

 As section 12.42 of the penal code provides, a person convicted of aggravated sexual assault of a child will receive a mandatory sentence of life imprisonment if that person was previously convicted of certain enumerated felonies, including indecency with a child. *See* TEX. PEN.CODE ANN. § 12.42(c)(2)(B), (g) (Vernon Supp. 2002). As we have already held, Ponce's previous deferred adjudication probations are convictions; they may be used for enhancement purposes. *See Scott*, 55 S.W.3d at 597. However, section 12.42 only applies to convictions for offenses committed on or after September 1, 1997. *See* Act of June 13, 1997, 75th Leg., R.S., ch. 667, §§ 4, 7, 1997 Tex. Gen. Laws 2250, 2252–53 (amending penal code section 12.42(c) to provide for mandatory life sentence where defendant is convicted of aggravated sexual assault committed on or after September 1, 1997, and has a previous conviction of indecency with a child). Unlike counts two, three, and seven, where the dates of the offenses were alleged to be after September 1, 1997, count eight was alleged to have occurred before the effective date of the amendment, that is,

---

**7.** *See generally Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985).

on June 1, 1997. This date is significant because, prior to the enactment of the amendment, the offense of aggravated assault of a child committed by a defendant having previous deferred adjudication probations was not subject to enhancement. *See* Tex. Pen.Code Ann. § 22.021 (Vernon 1994 & Supp.2002); *see also* Act of May 29, 1995, 74th Leg., R.S., ch. 250, § 1, 1995 Tex. Gen. Laws 2176, *amended by* Act of June 13, 1997, 75th Leg., R.S., ch. 667, §§ 4, 7, 1997 Tex. Gen. Laws 2250, 2252–53.

■ A trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence. *Addicks,* 15 S.W.3d at 612. Thus, if the evidence at trial shows that Ponce committed the aggravated assault before September 1, 1997, then the trial court should have instructed the jury with the applicable law as to aggravated sexual assault committed prior to September 1, 1997. *See id.* at 613; *see also Huizar v. State,* 12 S.W.3d 479, 484 (Tex.Crim.App.2000).

■ In this instance, the jury found Ponce guilty of aggravated assault "as charged in Count 8 of the indictment." The trial court then entered in its judgment June 1, 1997, as the date the offense in count eight was committed. It is well settled that a recital in the judgment of conviction specifying the date of the offense constitutes sufficient evidence of that date. *Green v. State,* 542 S.W.2d 416, 417 (Tex.Crim.App.1976); *Lopez v. State,* 660 S.W.2d 592, 595 (Tex.App.-Corpus Christi 1983, pet. ref'd). Thus, we conclude there is sufficient evidence that the offense alleged in count eight was committed prior to September 1, 1997. Because the applicable enhancement provisions of section 12.42 only apply to convictions for offenses committed on or after September 1, 1997, *see* Act of June 13, 1997, 75th Leg., R.S., ch. 667, §§ 4, 7, 1997 Tex. Gen. Laws 2250,

2252–53, the trial court erred by not instructing the jury with the law applicable to aggravated sexual assaults committed prior to September 1, 1997. *See Addicks,* 15 S.W.3d at 614.

■ Because Ponce failed to object to the error in the charge, we reverse only if the error is so egregious and created such harm that Ponce has not had a fair and impartial trial. *See Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.App.1985); *Guerrero v. State,* 820 S.W.2d 378, 384 (Tex.App.-Corpus Christi 1991, pet. ref'd). Errors that "result in egregious harm are those which affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory." *Webber,* 29 S.W.3d at 235 (quoting *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim. App.1996)). To determine if Ponce suffered egregious harm, we consider: (1) the entire charge; (2) the state of the evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant information. *Id.* at 236. The purpose of the review is to find actual harm to the accused, not mere theoretical harm. *Id.; see Almanza,* 686 S.W.2d at 174. Egregious harm must be determined on a case-by-case basis. *Hutch,* 922 S.W.2d at 171; *Brown v. State,* 45 S.W.3d 228, 230 (Tex.App.-Fort Worth 2001, pet. ref'd).

In the present case, the jury found appellant guilty of one count of aggravated sexual assault and two counts of sexual assault of a child committed after the amendment date of September 1, 1997. Thus, as stated in our analysis of points of error three and four, Ponce was correctly assessed the enhanced sentence of life imprisonment for these three counts, to run consecutively. *See* Tex. Pen.Code Ann. § 12.42(c)(2)(B), (g). Even if the jury gave Ponce the minimum sentence for the offense of aggravated assault in count eight,

as the law provided before September 1, 1997, Ponce would still have to serve three separate life sentences. In light of these three life sentences, Ponce would not suffer actual harm by the charge error for count eight, only theoretical harm. *See Almanza*, 686 S.W.2d at 174; *Webber*, 29 S.W.3d at 236. Thus, looking at the record as a whole, we conclude the trial court's error as to count eight was not so egregious as to deprive Ponce of a fair and impartial trial. Ponce's fifth and sixth points of error are overruled.

## V. EX POST FACTO

■ By his ninth point of error, Ponce contends the trial court violated the ex post facto provisions of the state and federal constitutions. Specifically, he argues the trial court erred by ordering the sentences for counts ten, eleven, twelve, and thirteen, to run consecutively to each other and to the sentences assessed for counts two, three, seven, eight, and nine.

■ An ex post facto law (1) punishes as a crime an act previously committed which was innocent when done, (2) changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed, or (3) deprives a person charged with a crime of any defense available at the time the act was committed. *Johnson v. State*, 930 S.W.2d 589, 591 (Tex.Crim.App.1996) (citing *Collins v. Youngblood*, 497 U.S. 37, 42–43, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990)). The issue in this case focuses on the second definition; *i.e.*, punishment.

Section 3.03 of the penal code provides that if an accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run consecutively if each sentence is for a conviction of indecency with a child, among certain other enumerated offenses. TEX. PEN.CODE ANN. § 3.03(b)(1) (Vernon Supp.

2002). However, this particular section became effective September 1, 1997, and only applies to offenses which were committed "on or after" this date. *See* Act of June 13, 1997, 75th Leg., R.S. ch. 667, §§ 2, 7, 1997 Tex. Gen. Laws 2250, 2251–52. Prior to the effective date of the amendment, section 3.03 provided that if an accused is found guilty of more than one offense arising out of the same criminal episode, the sentences for each offense shall run concurrently. *See* Act of June 14, 1995, 74th Leg., R.S., ch. 596, § 1, 1995 Tex. Gen. Laws 3435 (amended 1997).

■ In this instance, Ponce was found guilty of four offenses of indecency with a child, all committed prior to September 1, 1997. Thus, because these four offenses of indecency with a child occurred prior to the amendment of section 3.03 of the penal code, the sentences should not have been ordered to run consecutively. *See id.* Because the cumulation of sentences essentially constitutes an increase in punishment, we conclude that "to allow cumulation of punishment under authority of a statute that did not so provide at the time of the offense violates the Ex Post Facto Clause." *Johnson*, 930 S.W.2d at 593. Ponce's ninth point of error is sustained.

## VI. HEARSAY

■ By his tenth point of error, Ponce contends the trial court erred by overruling his hearsay objection to the hospital records.

■ Texas Rules of Evidence 803(4) excepts from the hearsay rule statements made for the purpose of medical diagnosis or treatment. TEX.R. EVID. 803(4). This exception is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis and treatment. *Beheler*

*v. State*, 3 S.W.3d 182, 188 (Tex.App.-Fort Worth 1999, pet. ref'd). Statements made by the parent of an injured child for the purpose of diagnosing or treating the child qualifies as an exception under rule 803(4). *Sandoval v. State*, 52 S.W.3d 851, 856–57 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd).

 In this instance, the nurse testified that the medical records containing the alleged hearsay statements were from her examination of the victim. After the State offered the records into evidence, Ponce objected. Although only a general objection to the medical records was made, it appears from the record that Ponce's attorney was objecting to statements made by the mother of the victim to the examining nurse.[8] These statements concerned the details of Ponce's relationship with the victim and the pattern of sexual assaults against her. Because the object of the exam was to ascertain whether the child had been sexually abused, and to determine whether further medical attention was needed, we find these statements fall under the rule 803(4) exception. *See id.; Beheler*, 3 S.W.3d at 189. Ponce's tenth point of error is overruled.

## VII. INEFFECTIVE ASSISTANCE OF COUNSEL

By his eleventh point of error, Ponce contends his trial attorney was ineffective when he failed to object to the jury charge with regard to the significance of the September 1, 1997 date, and by failing to raise an ex post facto challenge to section 12.42 of the penal code.

The United States Supreme Court and the Texas Court of Criminal Appeals have promulgated a two-prong test to determine whether representation was so inadequate that it violated a defendant's sixth amendment right to counsel. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 54–55 (Tex.Crim.App.1986); *Munoz v. State*, 24 S.W.3d 427, 433 (Tex.App.-Corpus Christi 2000, no pet.). To establish ineffective assistance of counsel, appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Stone v. State*, 17 S.W.3d 348, 349–50 (Tex.App.-Corpus Christi 2000, pet. ref'd). Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *See Munoz*, 24 S.W.3d at 434; *Stone*, 17 S.W.3d at 350. An allegation of ineffective assistance of counsel will only be sustained if it is firmly founded and the record affirmatively demonstrates counsel's alleged ineffectiveness. *Guzman v. State*, 923 S.W.2d 792, 797 (Tex.App.-Corpus Christi 1996, no pet.). In assessing a claim of ineffective assistance of counsel, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App.2001). Also, in the absence of evidence of counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation and will not conclude that the conduct was deficient unless the conduct was so outrageous that no competent attorney would have engaged in it. *See id.;*

---

8. On appeal, Ponce raises a "hearsay within hearsay" argument in his brief. However, this objection was not made to the trial court. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim.App.2002) (complaint on appeal must comport with objections made at trial). Thus, we will not address this argument because it is waived. *See Jeffley v. State*, 38 S.W.3d 847, 861 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd).

*Thompson v. State,* 9 S.W.3d 808, 814 (Tex.Crim.App.1999).

## A. Ex Post Facto

· We have already held that the trial court's treatment of Ponce's prior deferred adjudication probations did not violate an ex post facto clause. Thus, Ponce's claim of ineffective assistance based on his counsel's failure to object to an ex post facto violation as to the deferred adjudications is without merit. Moreover, we sustained Ponce's ex post facto contention with regard to counts ten through thirteen, deleting the cumulation orders pertaining to the counts' sentences. Thus, Ponce's argument regarding ineffective assistance of counsel as to counts ten through thirteen is moot.

## B. Jury Charge

As to count eight, although it was error for the trial court not to instruct the jury with the law applicable to aggravated sexual assaults committed prior to September 1, 1997, we have already held that, because of the three other mandatory life sentences, Ponce has suffered, at the most, "theoretical harm." Thus, because Ponce has failed to demonstrate that "but for his attorney's errors, the result of the proceeding would have been different," Ponce has not met the second prong of *Strickland. Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Ponce's eleventh point of error is overruled.

## VIII. IMPROPER ARGUMENT

■ Finally, by his twelfth point of error, Ponce contends the trial court erred by permitting the State to call Ponce a "wolf" during closing argument.

■ Proper jury argument must fall within one of the following categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to arguments by opposing counsel; and (4) pleas for law enforcement. *Guidry v. State,* 9 S.W.3d 133, 154 (Tex.Crim.App. 1999). To determine whether a party's argument properly falls within one of these categories, we must consider the argument in light of the record as a whole. *Wilson v. State,* 938 S.W.2d 57, 61 (Tex. Crim.App.1996).

■ Dramatic epithets may be used against a defendant during closing arguments as proper deductions based upon the evidence and nature of the crime. *See Long v. State,* 823 S.W.2d 259, 270 (Tex. Crim.App.1991) ("less human than any person with which the jury will ever have contact."); *McKay v. State,* 707 S.W.2d 23, 37 (Tex.Crim.App.1985) (referring to defendant as a "wolf"); *Easley v. State,* 454 S.W.2d 758, 761 (Tex.Crim.App.1970) (referring to defendant as a "savage").

In this case, the State referred to defendant as a "wolf" as part of an overall theme that Ponce stalked the victim as a wolf would stalk its prey. In that theme, the State referred to the victim as a "sheep," the victim's mother as a negligent "shepherd," and Ponce's sexual desire for the victim as "a taste of blood." Upon review of the record, we conclude that based on the nature of these offenses and conduct by Ponce, the State's references were proper deductions based upon the evidence. *See McKay,* 707 S.W.2d at 37. Ponce's twelfth point of error is overruled.

## IX. CONCLUSION

Accordingly, we modify the trial court's judgment by deleting the cumulation order for counts ten, eleven, twelve, and thirteen, and affirm the judgment as modified.