IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00227-CR

No.
10-03-00228-CR

 

Leandro Briones,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 265th District Court

Dallas County, Texas

Trial Court Nos. F02-35836-R and F02-35837-C

 



MEMORANDUM 
Opinion



 








        This appeal concerns convictions for
intoxication manslaughter.  See Tex.
Penal Code Ann. § 49.08(a) (Vernon 2003).  Appellant contends that the trial court erred
in ordering Appellant’s sentences to run consecutively, and that the cumulation
order is illegible in part.  See id. § 3.03(b)(1)(A) (Vernon
2003).  We will affirm.




Cause No.
10-03-00227-CR

      Appellant’s
issues do not pertain to the judgment in Cause No. 10-03-00227-CR.  The judgment in that cause does not contain a
cumulation order.  We overrule
Appellant’s issues in that cause.  We
affirm the judgment in that cause.

Cause No.
10-03-00228-CR

1.    Cumulation Order.  In Appellant’s first issue, he contends that
the trial court erred in granting the State’s motion to cumulate Appellant’s
sentences after orally pronouncing sentence. 
Before imposing the cumulative sentence, the trial court asked
Appellant, “Having considered the State’s request [to cumulate], is there any
legal reason why your client should not be sentenced in each case at this time?”
and Appellant’s counsel answered, “No, Your Honor.”  Appellant thus waived his complaint.  See
Tex. R. App. P. 33.1(a); Ex parte Madding, 70 S.W.3d 131, 136
(Tex. Crim. App. 2002); Gonzalez v.
State, 8 S.W.3d 640, 645 (Tex. Crim. App. 2000); Ponce v. State, 89 S.W.3d 110, 114 (Tex. App.—Corpus Christi 2002,
no pet.).  We overrule Appellant’s first
issue.

2.    Judgment.  In Appellant’s second issue, he contends that
the judgment is illegible in part.  If
there is any error, and we do not hold that there is, the proper vehicle for
challenging it is a motion for judgment nunc
pro tunc.  See Madding, 70 S.W.3d at 136 n.8; Jones v. State, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990).  We overrule Appellant’s second issue.




      Having
overruled Appellant’s issues in cause No. 10-03-00228-CR, we affirm the
judgment in that cause.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

(Justice Vance concurs with a note:  We should address the cumulation issue rather
than holding Briones waived the complaint. 
An improper cumulation order is a due-process error, and the complaint
about such an error cannot be waived.  Ex parte Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002); LaPorte v. State, 840
S.W.2d 412, 415 (Tex. Crim. App. 1992); Hurley
v. State, 130 S.W.3d 501, 503
(Tex. App.—Dallas 2004); Nicholas v.
State, 56 S.W.3d 760, 764 (Tex.
App.—Houston [14th Dist.] 2001).  Although the Madding court rejected the characterization of “void,” it clearly
found a due-process violation.  I would review
the issue and find that the trial judge did not abuse his discretion.  Thus, I concur in affirming the judgment.)

Opinion
delivered and filed September 15, 2004

Affirmed

Do
not publish

[CRPM]