

## NUMBER 13-11-00466-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**DELIA ANN RAY,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                **Appellee.**

---

### On appeal from the 272nd District Court
### of Brazos County, Texas.

---

## MEMORANDUM OPINION[1]

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Rodriguez**

Appellant Delia Ann Ray challenges her conviction for assault on a public servant.

*See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West 2011).  After a jury found her guilty, Ray

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

agreed to punishment of ten years in the Texas Department of Criminal Justice, probated for three years, and a fine of $500.00, in lieu of a punishment hearing. The trial court assessed punishment, as agreed. By two issues, Ray complains of (1) disproportionate sentencing; and (2) the trial court's denial of her challenge for cause. We affirm.

## I. DISPROPORTIONATE SENTENCE[2]

By her first issue, Ray contends that her felony conviction and subsequent punishment for assault on a public servant are disproportionate with the crime. The State contends the issue was not preserved for our review because Ray did not raise a proper objection in the trial court. We agree.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *See* U.S. CONST. amend. VIII. This right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object, the appellant did not preserve an argument that the sentence was grossly disproportionate to offense). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Noland*, 264 S.W.3d at 151-52; *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1; *Ponce v. State*, 89 S.W.3d 110, 114-15 (Tex.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

App.—Corpus Christi 2002, no pet.) (holding that Ponce failed to preserve his claims involving illegal sentences because he did not raise an objection in the trial court); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that Quintana waived his cruel and unusual punishment argument by failing to object).

Here, Ray did not object when the trial court pronounced her sentence, and she did not raise the issue in a motion for new trial. Therefore, Ray has not preserved this issue for our review. *See Noland,* 284 S.W.3d 151-52; *see also* TEX. R. APP. P. 33.1. Moreover, even had Ray preserved error, a punishment falling within the limits prescribed by a valid statute, as in this case, is not usually excessive, cruel, or unusual.[3] *See Trevino*, 174 S.W.3d at 928. We overrule Ray's first issue.

## II. CHALLENGE FOR CAUSE

By her second issue, Ray asserts that the trial court abused its discretion when it denied her challenge for cause on Juror Number 8. Ray objected on the basis that Juror Number 8 "stated that there are some cases where she would actually change the [reasonable-doubt] standard of proof to a lower standard than what the law and Constitution would require." After explaining that it thought "[Juror Number 8] equivocated; but when forced to decide between the two equivocations, she chose to follow the law and she would apply the right standard," the trial court overruled Ray's challenge. Ray contends that "[i]t is clear from a review of the record that the denial of

---

[3] Ray was convicted of assault on a public servant, a third-degree felony which carries a punishment range of two to ten years and a fine up to $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.34, 22.01(b)(1) (West 2011). After the jury found Ray guilty, she agreed with the State on her punishment of ten years, probated to three, and a $500.00 fine. This punishment is within the range prescribed by the legislature for a third-degree felony. *See id.* §§ 12.34, 22.01(b)(1).

3

the challenge for cause was improper."   We disagree.

## A.   Standard of Review

The standard of review when a trial court overrules a challenge for cause is abuse of discretion.   *Smith v. State*, 297 S.W.3d 260, 268 (Tex. Crim. App. 2009).   If a juror states that she believes she can set aside any influences and biases she may have and the trial court overrules a challenge for cause, its decision will be reviewed in light of all of the answers the prospective juror gave.   *Anderson v. State*, 633 S.W.2d 851, 854 (Tex. Crim. App. 1982).   The reviewing court should afford great deference to the trial court's decision because the trial judge is present to observe the demeanor of prospective jurors and to listen to the tenor of the prospective juror's voice.   *Patrick v. State*, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995) (en banc).   Particular deference is given when the prospective juror's answers are vacillating, unclear, or contradictory.   *Smith*, 297 S.W.3d at 368; *Patrick*, 906 S.W.2d at 488.

## B.   Discussion

Ray's counsel, the Prosecutor, and the trial court questioned Juror Number 8 regarding her opinion about the reasonable-doubt standard.   At the end of the questioning, Juror Number 8 affirmed that she believed she could set aside any influences and biases when she assured the trial court that she could "definitely" follow the law "according to the definitions given."   Because of this affirmation and because the trial court overruled Ray's challenge for cause, we review the trial court's decision in light of all answers given by Juror Number 8 to determine if the evidence is sufficient to support the court's ruling on this challenge.   *See Anderson*, 633 S.W.2d at 854.

4

In response to questions asked by Ray's counsel, Juror Number 8 answered that she believed that the reasonable-doubt standard could be the wrong standard to apply in some criminal cases, depending on the situation and occurrence; that the standard was going to be too high in some cases. She stated that "[t]here are times when you read about different cases and different things and you are going, "How did they get this? And you've seen this other person get something different. Sometimes it's more and sometimes it's less." Juror Number 8 continued,

> There are times where if it's not a point that's blankly here it is, here is the facts, it's real cut-and-dry. I hope you can take that. But where it's [sic] cases where you are having [sic] to put in your own judgment, your own background, I think sometimes it can be wavered [sic] either way.

Juror Number 8 agreed that she did not know whether this standard should be applied in this case because she had "no clue as to what is going on other than just what you have said and just knowing some people started talking about drinking," but that it was conceivable that she might feel as if this was a case where that standard was not appropriate.

Later, Juror Number 8 appeared to contradict her earlier answers when she clearly commented, in response to the prosecutor's questions, that she understood that the State had the burden to prove each element of the crime beyond a reasonable doubt, and if it did prove those elements beyond a reasonable doubt, she would return a guilty verdict. Juror Number 8 also gave an ambiguous answer when the State asked would she find the defendant not guilty if they did not prove each element. To that question, Juror Number 8 stated, "[i]f possible, if I was unsure, I would hope I would have an opportunity to ask. But if it wasn't presented."

5

Finally, to the trial court's questions, Juror Number 8 responded that she understood that the State had the burden of proof in all criminal cases to prove it beyond a reasonable doubt and how she defined reasonable doubt was up to her. When the trial court questioned Ray regarding whether she had said that in some cases the standard of beyond a reasonable doubt is too high and that she would apply a lower standard, Juror Number 8 explained that she had said that because she had "never done this before so I'm taking all this brand new . . . as a learning process. So I'm hoping to learn . . . from her standpoint and their standpoint and putting them together and coming up with the best idea conceivable. I don't know what you would call it." At the end of Juror Number 8's voir dire, she gave the following answers:

| | |
|---|---|
| The Court: | . . . . But I'm telling you there's a difference between you going by your definition of beyond a reasonable doubt, which may be lower than somebody else's definition of those terms. |
| Juror Number 8: | Correct. |
| The Court: | There is a difference between that and lowering the burden of proof itself and saying that standard I'm not going to go to in this case. You follow the distinction? |
| Juror Number 8: | The definitions, yes, I can follow those for sure. Now, it's kind of one of those circumstances where it's got to be presented. |
| The Court: | So can you assure me then without question that you would follow the law and the standard that the State must prove it beyond a reasonable doubt and that you would not lower that standard? |
| Juror Number 8: | Definitely according to the definitions given by. |

The trial court overruled Ray's challenge for cause and subsequently denied Ray's request for an additional peremptory challenge for Juror Number 8.[4]

In light of all of the answers given by Juror Number 8, we conclude, as did the trial court, that Juror Number 8's answers, taken as a whole, were equivocal—unclear, vague, or ambiguous. *See Smith*, 297 S.W.3d at 368; *King*, 29 S.W.3d at 568; *Patrick*, 906 S.W.2d at 488. We also conclude that Juror Number 8's answers were often vacillating and even contradictory. *See Smith*, 297 S.W.3d at 368; *King*, 29 S.W.3d at 568; *Patrick*, 906 S.W.2d at 488. Therefore, we must give particular deference to the trial court's decision because the trial judge was present to observe Juror Number 8's demeanor and to listen to the tenor of her voice. *See Patrick*, 906 S.W.2d at 488. In so doing, we conclude that the trial court did not abuse its discretion when it denied Ray's challenge for cause on Juror Number 8. We overruled Ray's second issue.

## III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of July, 2012.

---

[4] It is undisputed that Ray exhausted her peremptory challenges, requested an additional challenge, was denied that additional peremptory challenge, and then objected to the seating of the juror, thereby preserving any error for review on appeal. *See Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002) (citing *Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996)).