

# NUMBER 13-13-00123-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**PAULA CREMER,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                   **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Paula Cremer challenges the punishment imposed by the trial court after she was adjudicated guilty of class A misdemeanor assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (West 2011). By one issue, Cremer argues that the punishment assessed by the trial court was disproportionate to the seriousness of the offense. *See*

U.S. CONST. amends. VIII, XIV.   We affirm as modified.

## I.   Background

Cremer was indicted for injury to an elderly individual, *see* TEX. PENAL CODE ANN. § 22.04(a) (West 2011), but pursuant to a plea agreement, Cremer ultimately pleaded guilty to class A misdemeanor assault.   *See id.* § 22.01(a).   The trial court deferred adjudication and placed Cremer on community supervision for a term of two years.   The State later filed a motion to revoke.   After a hearing, the trial court revoked Cremer's community supervision, adjudicated her guilty of the assault offense, and sentenced her to nine months in the county jail.   This appeal followed.

## II.   Disproportionate Sentence

By her sole issue, Cremer contends that the punishment assessed by the trial court was disproportionate to the crime.   The State contends the issue was not preserved for our review because Cremer did not raise a proper objection in the trial court. We agree with the State.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted."   U.S. CONST. amend. VIII.   This right can be waived if a defendant fails to object to her sentence on this basis.   *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object, the appellant did not preserve an argument that the sentence was grossly disproportionate to the offense).   To preserve a complaint of disproportionate sentencing, the criminal defendant must make a

2

timely, specific objection to the trial court or raise the issue in a motion for new trial. *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a); *Ponce v. State*, 89 S.W.3d 110, 114–15 (Tex. App.—Corpus Christi 2002, no pet.) (holding that Ponce failed to preserve his claims involving illegal sentences because he did not raise an objection in the trial court); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that Quintana waived his cruel and unusual punishment argument by failing to object).

Here, Cremer made no objection when the trial court pronounced her sentence, and she did not raise the issue in a motion for new trial. Therefore, Cremer has not preserved this issue for our review. *See Noland*, 284 S.W.3d 151–52; *see also* TEX. R. APP. P. 33.1(a). We overrule Cremer's appellate issue.

### III. Modification of Judgment

Cremer was convicted of class A misdemeanor assault, an offense which is prescribed by section 22.01 of the penal code. *See* TEX. PENAL CODE ANN. § 22.01(a), (b). However, the judgment lists the statute of offense as penal code section 22.04. *See id.* § 22.04 (prescribing the offense of injury to a child, elderly individual, or disabled individual). The Texas Rules of Appellate Procedure allow this Court to modify judgments sua sponte to correct typographical errors and make the record speak the truth. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). Thus,

3

we modify the judgment to correctly reflect that the statute of offense is section 22.01 of the penal code.

## IV.   Conclusion

We affirm the trial court's judgment as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2013.

4