

# NUMBERS 13-12-00565-CR and 13-12-00566-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ALEXIS GUTIERREZ,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                  **Appellee.**

---

## On appeal from the 94th District Court of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Alexis Gutierrez challenges her conviction for possession of heroin, a

third-degree felony,[1] *see* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (c), 481.102(2)

---

[1] Appellate cause number 13-12-00565-CR.

(West, Westlaw through 2013 3d C.S.), and her conviction for robbery, a second-degree felony.[2] *See* TEX. PENAL CODE ANN. § 29.02(a)(1), (b) (West, Westlaw through 2013 3d C.S.). By one issue, Gutierrez argues that the four-year sentence of incarceration imposed by the trial court in each case after revoking her community supervision was disproportionate to the seriousness of the convicted offense. We affirm each judgment.[3]

## I. BACKGROUND

Gutierrez was indicted for possession of heroin and for robbery. Pursuant to a plea bargain agreement in the heroin case, on July 6, 2009, the trial court placed Gutierrez on deferred-adjudication community supervision for three years. On January 24, 2011, pursuant to a plea bargain agreement in the robbery case, the trial court again placed Gutierrez on deferred-adjudication community supervision, this time for two years.

On March 27, 2012, the State filed a motion to adjudicate Gutierrez's guilt and revoke her community supervision in each case with both motions alleging multiple violations of her community supervision terms. At the revocation hearing, Gutierrez pleaded true to some of the alleged violations and not true to others. After the trial court received evidence, it found two allegations in each motion to be true, adjudicated Gutierrez's guilt in each case, revoked her community supervision in each case, and assessed her punishment in each case at confinement for four years in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to be served

---

[2] Appellate cause number 13-12-00566-CR.

[3] Because Gutierrez challenges the judgment in each case on identical grounds, we granted her motion to consolidate the appeals for purpose of briefing, and we now issue one opinion addressing the two appeals.

concurrently.   Gutierrez appealed from each judgment.

## II. DISCUSSION

By her sole issue, Gutierrez contends that "the punishment assessed by the judge during the sentencing phase of the motions to revoke probation was disproportionate to the seriousness of the alleged offense, all in violation of the Eighth and Fourteenth Amendments of the United States Constitution."   *See* U.S. CONST. amends. VIII, XIV. The State contends the issue was not preserved for our review because Gutierrez did not raise a proper objection in the trial court.   *See* TEX. R. APP. P. 33.1(a)(1).   We agree with the State.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII.   This right can be waived if a defendant fails to object to her sentence on this basis.   *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object, the appellant did not preserve an argument that the sentence was grossly disproportionate to the offense).   To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial.   *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a); *Ponce v. State*, 89 S.W.3d 110, 114–15 (Tex. App.—Corpus Christi 2002, no pet.) (holding that Ponce failed to preserve his claims involving illegal sentences

because he did not raise an objection in the trial court); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (concluding that Quintana waived his cruel and unusual punishment argument by failing to object).

Here, Gutierrez did not object when the trial court pronounced her sentence and did not raise the issue in a motion for new trial in either case. Therefore, Gutierrez has not preserved this issue for our review. *See Rhoades*, 934 S.W.2d at 120; *Noland*, 284 S.W.3d 151–52; *see also* TEX. R. APP. P. 33.1(a). We overrule Gutierrez's sole issue in each appeal.

### III. CONCLUSION

We affirm the judgments of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of June, 2014.

4